OPINION
{¶ 1} This is an appeal from the Court of Common Pleas, Stark County, Juvenile Division which granted custody of Nathan E. Stout (D.O.B. 2/1/00), child of the parties to appellee.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Each of the parties agree with the findings of fact determined by the trial court, which are summarized as follows:
 {¶ 3} While employees of Walmart, the parties began a short term sexual relationship. Appellant became pregnant with Nathan but informed appellee that he was not the father as she had sex with three other men during the period of conception, one of whom she selected as the father.
 {¶ 4} Since the birth of Nathan, appellant has continued her sexual promiscuity, having had sex with five additional men.
 {¶ 5} Also, her residence has changed almost continually as she has moved in with whomever she was dating at the time.
 {¶ 6} She has had an unstable employment history also and was unemployed during the court proceedings.
 {¶ 7} Appellant is also the mother of another child, age 4.
 {¶ 8} Appellant was determined by the trial court to have a history of fighting, harassment, menacing, domestic violence, assault and other similar conduct.
 {¶ 9} Appellee is 46 years with stable employment, divorced, with two grown children. His prior history reveals one DUI conviction of over 10 years and a DUS conviction.
 {¶ 10} The Guardian Ad Litem recommended custody to appellee.
 {¶ 11} Based upon the factual findings, the trial court designated appellee residential parent status and legal custodian of Nathan.
 {¶ 12} The sole Assignment of Error is:
I.
 {¶ 13} "THE TRIAL COURT'S AWARD OF CUSTODY OF THE PARTIES' MINOR SON TO APPELLEE WAS AN ABUSE OF DISCRETION AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 14} The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 15} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v.Martin (1983), 20 Ohio App.3d 172. See also, State v. Thompkins (1997),78 Ohio St.3d 380.
 {¶ 16} Under R.C. § 3109.04 the standard to be applied in child custody cases is the best interest of the child. This primary consideration is further reinforced by the Ohio Supreme Court in In Re:Byrd (1981), 66 Ohio St.2d 334. This is not to say that the court may punish a parent for conduct considered immoral without other factors affecting the best interests of the child. Whaley v. Whaley (1978),61 Ohio App.2d 111.
 {¶ 17} In the case sub judice, there is no question that the mother has had unstable residency, (T. at P. 10-11), a promiscuous lifestyle (T. at 16-18, 23-24) which she believed was appropriate (T. at p. 19), had reported physical abuse to her other child (T. at p. 20, 28), and a poor employment history. In addition, the record reveals many police reports as to home problems.
 {¶ 18} The trial court considered all of these matters in arriving at its conclusion, in addition to the recommendation of the Guardian Ad Litem. (Findings of Fact Paragraphs 5, 6, 7, 8 and 12).
 {¶ 19} Based upon these findings which are clearly supported by the record we cannot determine that the trial court abused its discretion in finding the best interests of the child to be with his father, subject to visitation and participation by the mother.
 {¶ 20} Also, as is apparent by the above record references, we find such decision to be in accordance with the weight of the evidence.
 {¶ 21} The Assignment of Error is denied.
 {¶ 22} This cause is affirmed.
By: Boggins, J., Gwin, P.J. and Farmer, J. concur.
Topic: Custody.